UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THEODORE TOBIAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-10609-FDS |
| FREDERICK SMITH, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

**SAYLOR, C.J.**

*Pro se* plaintiff Theodore Tobias has, for the second time, sued Frederick Smith, founder and chairman of FedEx Corporation, alleging that FedEx Ground negligently lost or stole three of his packages. The complaint seeks $450 million in damages and appears to assert claims for breach of contract, negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. This is at least the seventh complaint filed by plaintiff, many of which assert similar types of claims.

Smith has moved to dismiss the complaint on different grounds, including lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. For the following reasons, the motion to dismiss will be granted.

I.      **Background**

    A.      **Factual Background**

The following facts are set forth as alleged in the complaint.[1]

Theodore Tobias is a resident of Quincy, Massachusetts. (Compl. at 4).[2] Frederick Smith is the founder of FedEx Corporation and a resident of Memphis, Tennessee. (*See id.* at 2, 4).[3]

On June 19, 2018, Tobias allegedly shipped three packages by FedEx to James Daniels, at an address of 70 Gillett Street, Apartment C-11, in Hartford, Connecticut. (*Id.* at 8).[4] Those packages were apparently never delivered. (*Id.*).

On June 24, Tobias contacted the Hartford Police Department about his missing packages. (*Id.* at 6). He informed them that a "Door Tag" indicating that a delivery was attempted was left on the door of 70 Gillett Street, Apartment C-11, and that the individual that left the Door Tag was driving what appeared to be a FedEx vehicle. (*Id.*). He told the police that he contacted FedEx customer service on June 22, but that they refused to issue him a reference number. (*Id.* at 7).[5] The police report indicates that Tobias was unable to provide the police

---

[1] Tobias filed his complaint in state court on February 22, 2022. He subsequently filed an amended complaint on March 8, 2022. An amended complaint completely supersedes an original complaint. *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). Nevertheless, for present purposes the Court will construe the two complaints as a single pleading, as Tobias appears to have attempted to supplement, rather than replace, his first complaint.

[2] The allegations in the complaint are not labeled consistently, and therefore the Court will cite to the relevant ECF page numbers for clarity.

[3] The complaint does not distinguish between FedEx Corporation, a holding company, and FedEx Ground, the entity that allegedly handled Tobias's packages.

[4] It is unclear from the complaint whether Tobias has separate addresses in Quincy, Massachusetts, and Windsor, Connecticut. The sender's address for Tobias on his FedEx claim form for the three packages is listed as 79 Berrios Hill Road in Windsor, Connecticut. (Compl. at 8).

[5] According to the complaint, Smith's failure to give Tobias a reference number "violated protocol" and "deprived [him of] a right to process a claim, to track the claim form in Frederick Smith's Internal system." (Compl. at 2-3).

with documentation verifying that he contracted FedEx to deliver the packages. (*Id.*).[6]

Tobias subsequently filed a claim with FedEx on June 28. (*Id.* at 8). According to the claim form, each of the three lost or stolen packages contained a "prototype." (*Id.*). The claim form included a declared value of $1,000 and a merchandise value of $450 million. (*Id.*).

On November 4, 2021, Tobias allegedly sent Smith a follow-up letter. (Am. Compl. at 2).

Tobias contends that despite FedEx's instructions stating that "most cases will normally be resolved in 5 to 7 business days," he has not received a response from FedEx's Cargo Claims Department or Smith in more than three years. (*Id.* at 6; Compl. at 4, 12).[7]

B.      **Procedural Background**

This case was originally filed in Massachusetts state court. On April 22, 2022, Smith removed the matter to this Court.

The complaint appears to allege several claims, including breach of contract (arising from the purported breach of FedEx's money-back guarantee), negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. (*See* Compl. at 2-4). The complaint seeks $450 million "for violating protocol," but indicates that "[p]laintiff will accept . . . five million dollars." (*Id.* at 3).

Smith has moved to dismiss the complaint on different grounds, including lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*.

---

[6] In addition, attached to the complaint is a letter from Federal Express Corporation, dated November 1, 2019, that states, "FedEx Ground and FedEx Express systems have been searched extensively and we are simply not able to locate any information on the shipments referenced in your letters." (Compl. at 13).

[7] Tobias has also attached several photographs and a letter from President Biden to the complaint, the relevance of which is unclear.

## II.    Motion to Dismiss

### A.    Personal Jurisdiction

Defendant contends that the complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

A plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant.  *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002).  When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the court may use several standards to assess whether a plaintiff has carried that burden:  the "*prima facie*" standard, the "preponderance of the evidence" standard, or the "likelihood" standard.  *See id.* at 50-51, 51 n.5; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995).  Where, as here, the court is called to make that assessment without first holding an evidentiary hearing, the *prima facie* standard is applied.  *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim."  *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)).  The plaintiff may not "rely on unsupported allegations in its pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)) (internal alteration omitted).  Instead, the plaintiff "must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists."  *Id.* (quoting *Foster-Miller*, 46 F.3d at 145).  Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted."  *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

The exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due-process requirements of the United States Constitution. *See A Corp.*, 812 F.3d at 58 (citing *Daynard*, 290 F.3d at 52). Consistent with those requirements, a court may exercise either general or specific jurisdiction. *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016).

> Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*Swiss Am. Bank*, 274 F.3d at 618 (internal citations and quotation marks omitted).

### 1. **General Jurisdiction**

As to general jurisdiction, the "paradigm forum" for an individual is his domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, the complaint alleges that defendant lives in Memphis, Tennessee. (*See* Compl. at 4). It does not otherwise allege any "continuous and systematic activity" by defendant in Massachusetts such that the exercise of general jurisdiction over him would comport with federal due-process demands. Accordingly, the Court may not exercise general jurisdiction over defendant.

### 2. **Specific Jurisdiction**

As to specific jurisdiction, due process requires that a plaintiff establish three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips*, 530 F.3d at 27) (internal alteration omitted).

First, plaintiff's claims must arise out of, or relate to, defendant's forum-state activities. *See id*. Here, the complaint does not identify that defendant engaged in any activities or contacts in Massachusetts at all. The claims all arise out of, or relate to, events that took place in Connecticut. Defendant did not participate in those events in any way. Therefore, plaintiff has failed to show that his claims arise out of, or relate to, defendant's activities in Massachusetts.

Because plaintiff has not satisfied the relatedness prong, the Court need not consider whether defendant purposely availed himself of the forum state or whether the exercise of specific jurisdiction would be reasonable. *See Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999) ("An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction.").

Accordingly, the exercise of personal jurisdiction over defendant would not comport with due process. The Court will therefore grant defendant's motion to dismiss.[8]

## III. Repetitive Filing of Legally Deficient Complaints

Plaintiff has been a frequent litigant in this court, having filed eight cases since 2021, including an almost identical lawsuit against Frederick Smith that was dismissed in April 2022.[9] Plaintiff's repetitive filing of legally deficient complaints are a burden on the court's time and resources. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427 (1st Cir. 1999) (per curiam)

---

[8] Because the exercise of personal jurisdiction over defendant would not satisfy due process, the Court need not consider whether personal jurisdiction is appropriate under the potentially "more restrictive" Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3. *See A Corp.*, 812 F.3d at 59.

[9] The first lawsuit against Smith sought $200 billion in damages arising from another allegedly lost or stolen FedEx package. *Tobias v. Smith*, C.A. No. 21-11736-FDS (closed). The other actions previously filed by plaintiff are: *Tobias v. Mapfre Ins. Co.*, C.A. No. 22-10140-LTS (closed); *Tobias v. FedEx Corp.*, C.A. No. 22-10144-RGS (closed); *Tobias v. United States Postal Serv.*, C.A. No. 22-10145-ADB (closed); *Tobias v. United States Postal Office et al.*, C.A. No. 22-10541-DJC (closed); *Tobias v. Government Intel. Surveillance*, C.A. No. 22-10894-WGY (closed); and *Tobias v. United States Corp.*, C.A. No. 22-cv-12064-WGY (filed Dec. 7, 2022).

(citing *Cok v. Family Ct. of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993)).[10]  A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-50 (1991).

Accordingly, plaintiff is hereby warned that if he continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this court absent permission from a District Judge, and/or he may be subject to monetary sanctions.[11]

### IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss the complaint without leave to amend is GRANTED.

**So Ordered.**

Dated:  January 11, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[10] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." *Local 285, Serv. Emps. Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (citation omitted); accord *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist").  Vexatious conduct may be found even in the absence of subjective bad intent.  *Local 285, Serv. Emps. Int'l*, 64 F.3d at 737.

[11] Under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious.  *See* Fed. R. Civ. P. 11(b)(1)(2); *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 54 (D. Mass. 2002) (Rule 11 applies to pro se litigants).  Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous, and harassing lawsuits, and provides for sanctions as a deterrent.  *See Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).